UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IREDELL SANDERS,

    Plaintiff,

v.                                                 CAUSE NO. 3:19-CV-276 DRL-MGG

DEPARTMENT OF CHILD SERVICES,

    Defendant.

OPINION AND ORDER

Mr. Iredell Sanders filed a *pro se* complaint containing a host of allegations against the Indiana Department of Child Services (DCS). ECF 1. The County has now moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), claiming Mr. Sanders' claims are barred by the Eleventh Amendment and that DCS is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. ECF 7. The court must grant the motion for the reasons here.

BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Mr. Sanders's favor, the following facts emerge. Some time ago, DCS received allegations of certain behavior inside of the Sanders household and investigated.[1] ECF 1 at 2. According to Mr. Sanders, the original concerns DCS had were unfounded; however, DCS continued its investigation, took photographs of the home, and questioned his children. *Id.* DCS then used the information gathered from the home investigation in court proceedings that resulted in Mr. Sanders' children being taken away and placed with a guardian. *Id.* at 3, 6.

Mr. Sanders alleges that this was the beginning of a series of bad acts by DCS. DCS lied during court proceedings and coerced Mr. Sanders' wife to make false statements in procuring a protective

---

[1] Mr. Sanders has not provided the court with any dates relating to his claims.

1

order. *Id.* at 4-6. During a child-family team meeting, a DCS worker made racist remarks about Mr. Sanders' children. *Id.* at 8. Mr. Sanders repeatedly requested copies of any paperwork concerning his DCS file and was denied access for various reasons. *Id.* at 9. For all these and other acts allegedly committed by DCS, Mr. Sanders seeks $62,000,000 and injunctive relief against the DCS. *Id.* at 3.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Of course, because Mr. Sanders is a *pro se* plaintiff, the court must liberally construe his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

DISCUSSION

While Mr. Sanders does not specifically state his legal theory, his complaint appears to adumbrate constitutional violations under 42 U.S.C. § 1983. Mr. Sanders is essentially claiming that DCS violated his due process rights, including the right to raise his children, under the Fourteenth Amendment. *See, e.g., Berman v. Young*, 291 F.3d 976, 983 (7th Cir. 2002) (citing *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000)) (holding that parents have a a non-absolute due process right to care for and raise their children).

2

To pursue such a claim in federal court against a state agency, Mr. Sanders must get beyond the Eleventh Amendment to the Unites States Constitution. The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The court sympathizes with Mr. Sanders' claims, and if true doesn't condone certain actions; however, the Eleventh Amendment establishes immunity for the State from suit in federal court under the circumstances that exist here.

While the Eleventh Amendment refers to "Citizens of another State," federal courts have "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (quoting *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974)). This immunity applies to the State and any of its agencies or departments named in a suit, regardless of the relief sought. *MCI Tele. Corp. v. Ill. Bell. Tel. Co.*, 222 F.3d 323, 336 (7th Cir. 2000). DCS is an arm of the state. Ind. Code § 31-25-1-1.

Because the Eleventh Amendment bars this particular suit against DCS, the court GRANTS DCS's motion (ECF 7) and DISMISSES this case.

SO ORDERED.

September 27, 2019                          *s/ Damon R. Leichty*
                                                         Judge, United States District Court